COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In re Aderonke Aderemi

Appellate case number:    01-22-00525-CV

Trial court case number:  1176890

Trial court:              County Civil Court at Law No. 1 of Harris County

On July 15, 2022, relator, Aderonke Aderemi, filed an "Emergency Petition for a Writ of Mandamus on Trial Court's Issuance of Immediate Writ of Possession After [Relator] Posted a Supersedeas Cash Bond of $12,480.00 and Injunctive Relief on [Real Party in Interest, Massandra KV Vineyards Owner LLC, as Successor in Interest to PAC's] Constructive Eviction." In his mandamus petition, relator requests that we issue a writ of mandamus directing the trial court to "vacate and stay [its] order to execute an immediate [w]rit of [p]ossession," and to allow relator's direct appeal of the Final Judgment entered in the underlying case to be considered by the Court.[1]

The underlying case was initiated by real party in interest, Massandra KV Vineyards Owner LLC, as Successor in Interest to PAC ("Massandra") as a petition to evict relator from a leased property located at 21550 Provincial Blvd., No. 09-921 (A.K.A. Apartment No. 921), Katy, Texas 77450. On April 5, 2022, the trial court entered a Final Judgment ordering that Massandra "is awarded possession" of the leased property, and further directing that Massandra "is entitled to obtain a [w]rit of [p]ossession, to be issued on April 7, 2022." However, the Final Judgment further provided that the "amount of the supersedeas bond [was] . . . set at $12,840.00." *See* TEX. R. APP. P. 24.2(a)(2)(A).

Relator's petition for writ of mandamus attaches an appendix which includes a file-stamped copy of a document, dated April 6, 2022, which purports to show that relator deposited cash in the amount of $12,480.00 in the trial court's registry. Relator's appendix also includes a file-stamped document, dated April 25, 2022, entitled relator's "Request for Findings of Fact and Conclusion[s] of Law." *See* TEX. R. CIV. P. 296 ("In any case

---

[1] Relator has filed a separate notice of appeal from the trial court's final judgment, entered April 5, 2022. Relator's direct appeal has been assigned appellate case number 01-22-00520-CV and is pending in this Court.

tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. Such request . . . shall be filed within twenty days after judgment is signed."). Then, on July 5, 2022, relator timely filed a notice of appeal from the trial court's April 5, 2022 Final Judgment, assigned appellate case number 01-22-00520-CV, currently pending in this Court. *See* TEX. R. APP. P. 26.1(a)(4) (extending deadline for filing notice of appeal to ninety days where party timely files request for findings of fact and conclusions of law with trial court).

Despite this timeline, on June 28, 2022, Massandra filed a "Motion to Issue Writ of Possession" with the trial court. In its motion, Massandra noted that relator "tendered what purports to be a supersedeas bond to the clerk." Since then, according to Massandra, "[n]o appeal was subsequently perfected," so the trial court's April 5, 2022 Final Judgment had "become final," thereby entitling it to issuance of the writ of possession. However, Massandra noted, the "clerk's office is currently refusing to issue the writ of possession because of the purported bond." In his mandamus petition, relator alleges that the trial court held a hearing on Massandra's motion on July 12, 2022, at which point the trial court granted the motion to immediately issue a writ of possession in favor of Massandra. On July 15, 2022, the trial court entered an order granting Massandra's motion, directing "the Harris County Clerk to issue a writ of possession in conformity with the final judgment."

In his mandamus petition, relator requests emergency relief in the form of a writ of mandamus "to vacate and stay" the trial court's order to execute an immediate writ of possession. To preserve the status quo pending consideration of the mandamus petition, we hereby **stay** enforcement of the trial court's July 15, 2022 order granting Massandra's "Motion to Issue Writ of Possession." *See* TEX. R. APP. P. 24.1(f) ("Enforcement of judgment must be suspended if the judgment is superseded."), 52.10(b) (appellate court has authority "on its own initiative" to grant temporary relief pending consideration of mandamus petition). Enforcement of the trial court's July 15, 2022 order directing the Harris County Clerk's Office to issue a writ of possession in the underlying cause is **stayed**. This stay is effective until disposition of relator's petition for writ of mandamus or further order of this Court.

We further request a response to the petition for writ of mandamus from Massandra. **The response(s), if any, is due to be filed with this Court no later than twenty days of the date of this order.**

It is so ORDERED.

Judge's signature: ____/s/ April Farris_____
      ☑ Acting individually   ☐ Acting for the Court

Date: _July 15, 2022_____